UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY PATU, | |
| Plaintiff, | Case No. C14-0765-MJP-MAT |
| v. | REPORT AND RECOMMENDATION |
| SHERYL ALLBERT, *et al.*, | |
| Defendants. | |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ricky Patu, a state prisoner, is proceeding with this action *pro* se and *in forma pauperis*. Plaintiff submitted his original complaint to the Court for filing in May 2014. (*See* Dkt. 1.) He alleged therein that he had suffered adverse health consequences over a period of years related to the quality of the food served at the Monroe Correctional Complex – Special Offender Unit ("MCC-SOU"). (*See* Dkt. 4.) Plaintiff identifies the following individuals as defendants in his complaint: Sheryl Allbert, ARNP at MCC; Margaret Gilbert, Superintendent of the MCC-SOU; and, Vilma Khounphixau. (*Id.*) Plaintiff requested monetary damages for "grief and suffering." (*Id.*)

REPORT AND RECOMMENDATION
PAGE - 1

01	After reviewing plaintiff's complaint, this Court concluded that plaintiff had not
02 adequately alleged therein any cause of action under § 1983.  Thus, on June 6, 2014, this Court
03 issued an Order declining to serve plaintiff's complaint and granting him leave to file an
04 amended complaint correcting certain specified deficiencies.  (Dkt. 7.)  The Court identified
05 in its Order the standard that plaintiff would have to meet in order to proceed with this action.
06 (*Id*.)  Specifically, the Court advised that in order to sustain a civil rights action, a plaintiff
07 must show (1) that he suffered a violation of rights protected by the Constitution or created by
08 federal statute, and (2) that the violation was proximately caused by a person acting under color
09 of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The
10 Court further advised that in order to satisfy the second prong, a plaintiff must allege facts
11 showing how individually named defendants caused, or personally participated in causing, the
12 harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

13	The Court noted, with respect to plaintiff's allegations, that plaintiff failed to identify in
14 his complaint the federal constitutional right he believed was violated by the conduct of the
15 named defendants.  (Dkt. 7 at 2.)  The Court further noted that plaintiff failed to allege
16 specific facts demonstrating that any of the individuals identified as defendants in his complaint
17 *personally* participated in causing him harm of federal constitutional dimension.  (*Id*.)
18 Plaintiff was advised that his allegations were simply too vague and conclusory to permit him to
19 proceed.  (*Id*.)

20	Plaintiff was granted thirty days within which to file an amended complaint curing the
21 deficiencies identified by the Court, and he was advised that his failure to timely file an
22 amended complaint, or to correct the identified deficiencies, would result in a recommendation

REPORT AND RECOMMENDATION
PAGE - 2

that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B).  (Dkt. 7 at 2-3.)  Plaintiff filed a timely amended complaint on July 3, 2014.  (Dkt. 8.)  However, a review of the amended pleading reveals that plaintiff has not adequately corrected the deficiencies identified in the Court's prior Order.

Plaintiff alleges in his amended complaint that his rights under the Eighth Amendment have been violated and that he needs help for severe constipation which he has been experiencing for eight years.  (*Id*. at 2.)  Plaintiff indicates that he doesn't understand how to state a claim, but that the relevant facts are contained within documents attached to his amended pleading.  (*Id*.)  The documents referenced by plaintiff include: (i) health services kites in which plaintiff asked to be put back on Metamucil; (ii) health services kites in which plaintiff complained that his prescribed psyllium packet wasn't given to him during the med-line; (iii) a list of prescriptions for laxatives provided to plaintiff by MCC-SOU medical staff between January 1, 2012 and April 9, 2014;  (iv) grievance forms in which plaintiff complained about a piece of hair found in his salad dressing that caused him to become ill, and about soup which tasted bad and which plaintiff suspected may have been contaminated with poison; and, (v) a diagnostic imaging report dated September 21, 2007 showing a negative result on a CT scan of plaintiff's abdomen.  (*See id*. at 5-18.)

Even when plaintiff's amended complaint is read together with the attached documents, the pleading as a whole remains deficient because plaintiff fails to make clear how each of the individuals named as a defendant in the amended complaint participated in the alleged violation of his Eighth Amendment rights.  Plaintiff's allegations remain vague and conclusory and therefore insufficient to state a cause of action under 42 U.S.C. § 1983.

01       When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff has not alleged in his amended civil rights complaint sufficient facts to sustain a cause of action under § 1983, this Court recommends that plaintiff's amended complaint, and this action, be dismissed without prejudice pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

      DATED this 28th day of July, 2014.

                                                /s/ Mary Alice Theiler
                                                Mary Alice Theiler
                                                Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4